CASE 3—PETITION EQUITY—JANUARY 21.

# Parrish, Etc. v. Ross, Etc.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. COUNTERCLAIM—LIENS—DUTY OF LIFE TENANT AS TO.—It is the
   duty of a life tenant to keep down the interest on an encum-
   brance, and to pay upon the principal of the encumbrance, ac-
   cording to the value of his life interest; therefore, where land in
   which a party held a life estate was rented out by order of court
   pending an appeal, and was rented by one who had discharged a
   lien on the property, in an action by the life tenant against the
   renter and his surety, they may plead as a counterclaim the
   amount of the encumbrance so paid to the extent that the life
   tenant was bound to discharge the same.

A. T. WOOD FOR APPELLANTS.

1. Parrish having paid off the encumbrance upon the land in which
   Ross had a life estate, he or his surety were entitled to plead the
   same in this suit as a counterclaim against the rents claimed by
   the holder of the life estate.

C. P. CHENAULT ON SAME SIDE.

1. The payment by Parrish of the Apperson judgment for $2,000, op-
   erated as an equitable assignment to Parrish of that judgment,
   that is one-third of it as against Ross and one-third as against
   Mrs. Brawner, and he and his surety were entitled to plead the
   same as a counterclaim in this suit by Ross against him for
   rents.

WOODFORD & CHENAULT ON SAME SIDE.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1881, the legal title of about four hundred and forty
acres of land, being in Sarah S. Parrish, wife of Jno. S. Par-
rish, and the latter having paid off and then holding a very
large amount of demands against the estate of Geo. Fergu-

[3]

son, her first husband and father of Cordie E., wife of W. S. Robinson, and of Eugene Ferguson; and Jno. S. Parrish and his wife, Sarah, having borrowed of Apperson money, evidenced by two notes, one for $5,000 and the other for $2,000; to secure payment of which a mortgage was created on the land, a written agreement in the nature of a family settlement was made, whereby Jno. S. Parrish gave up and cancelled all his claims against the estate of Geo. Ferguson, and the land was divided equally between Jno. S. Parrish, Cordie Robinson and Eugene Ferguson, or at their election sold, and the proceeds equally divided. But it was stipulated, that Jno. S. Parrish and wife were to occupy and use the land, for five years, for the purpose of paying out of the proceeds the two mortgage debts mentioned, and also to apply the proceeds of forty acres of land belonging to Sarah S. Parrish, and one hundred and twenty acres of land in Missouri, belonging to Jno. S. Parrish, to the same purpose. But a few days thereafter, Eugene Ferguson became the wife of appellee, Jno. W. Ross, but died a short time after her marriage, having given birth to one child, whose death preceded hers. Jno. W. Ross and wife, before her death, instituted an action to cancel the deed referred to, and pending that litigation, another deed was executed, by its terms, so changing the first one, as to give to the husbands of the two daughters each, a life estate in one-third of the land. But subsequent to the death of Eugene Ross, litigation arose, as to the interest Jno. W. Ross took in the land, and a judgment was rendered allotting to Jno. S. Parrish one third and to Cordie E. Robinson one-third, but denying Ross any estate; but from that judgment he took an appeal to this

court, where it was eventually reversed. Pending that appeal, by order of court the one-third of the land claimed by Ross, was directed to be rented, Jno. S. Parrish becoming the lessee, and agreeing to pay, the sum of about $758; subsequently, reduced by payments to $655. Upon the return of the case to the lower court, a judgment was rendered in favor of Ross against Jno. S. Parrish for the sum mentioned, but from that judgment an appeal was taken and affirmed by this court.

And, now this is an action by Jno. W. Ross against H. C. Parrish, a surety on the supersedeas bond executed pending that appeal, to recover the amount of said rent, damages and cost.

It is alleged and appears, that the mortgage debt for $2,000 was paid by Jno. S. Parrish with his own means and one-third of that amount and interest, being an incumbrance on the one-third part of said tract of land, a life estate in which Jno. W. Ross had by right of his wife. H. C. Parrish pleads it, and relies upon it, as a counterclaim and set-off in this action. Jno. S. Parrish, being on his petition, made a party defendant, also asks that his said demand be set-off, for the benefit of his surety, against the claim sued on.

But a general demurrer was sustained to each of their answers, and judgment was rendered for full amount of supersedeas bond.

It seems to us, that the claim of Jno. S. Parrish, the benefit of which his surety H. C. Parrish seeks to avail himself of in this action, may be fairly considered as connected with the matter now in litigation, and, therefore, properly pleadable as a counterclaim, at least to the extent that, Jno. W.

Ross is bound as life tenant to discharge the incumbrance on the land. The rule seems to be, that he is bound to keep down the interest on the incumbrance and the principal being apportioned, he is bound to pay according to the value of his interest for life. In our opinion, therefore, Jno. S. Parrish has a valid and subsisting demand, the subject of a counter-claim and set off, for the benefit of his surety H. C. Parrish.

The court erred in sustaining a demurrer to the answers. Whether he has a lien for the payment of the balance of his demand is not decided as the proper parties are not before the court.

Judgment reversed for proceedings consistent with this opinion.